UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRICIA SPENCE  Plaintiff,  vs.  CAVALRY PORTFOLIO SERVICES, LLC AND CAVALRY SPV I, LLC  Defendants. | Case No. _____  COMPLAINT  JUDGE KARAS  JURY TRIAL DEMANDED  12 CV 4546 |

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendants transact business in this district.

## PARTIES

4. Plaintiff, Tricia Spence, ("Plaintiff"), is a natural person who at all relevant times resided in the State of Montana, County of Gallatin, and City of Belgrade.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Cavalry Portfolio Services, LLC ("CPS") is an entity which all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7. CPS is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. Defendant, Cavalry SPV I, LLC, ("SPV") is an entity who acquires debt in default merely for collection purposes, and who at all relevant times was engaged in the business of attempting to collect a debt from Plaintiff.

9. SPV is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

10. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than CPS.

11. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than CPS, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

12. Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than CPS.

13. CPS uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

14. SPV purchases debts once owed or once due, or asserted to be once owed or once due a creditor.

15. SPV acquired Plaintiff's debt once owed or once due, or asserted to be once owed or once due a creditor, when the debt was in default.

16. SPV is thoroughly enmeshed in the debt collection business, and SPV is a significant participant in CPS's debt collection process.

17. In connection with the collection of an alleged debt in default, Defendant CPS, itself and on behalf of Defendant SPV, sent Plaintiff initial written communication dated June 9, 2011, regarding HSBC Bank Nevada, N.A./Orchard Bank account ending in 7749 (the "Account"). (See Correspondence dated June 9, 2011, attached hereto as Exhibit A).

18. In its June 9, 2011 initial written communication, CPS stated in relevant part as follows:

> RE: Original Institution: HSBC Bank Nevada, N.A.
> Orchard Bank
> Original Account No.: [...] 7749
> Cavalry Reference No.: 14711465
> Balance Due: $694.43.

(Exhibit A).

19. In its June 9, 2011 communication, CPS failed to inform Plaintiff whether the Account was subject to the accrual of interest and/or other fees or charges on the date the notice was sent.

20. Between June 23, 2011 and April 24, 2012, Plaintiff made payments totaling $220.00 toward the Account.

21. Plaintiff's $220.00 in payments reduced the amount owed as represented by Defendants by only $164.66.

22. Therefore, upon information and good-faith belief, the amount owed was subject to the accrual of interest and/or other fees or charges.

23. CPS's June 9, 2011 communication is misleading to the "least sophisticated consumer," who could readily conclude that the total account balance stated as due was due *at any time*, when in fact it was not and was subject to adjustment on a periodic basis.

24. CPS's June 9, 2011 communication thus failed to clearly and effectively state the amount of the debt as required pursuant to 15 U.S.C. § 1692g(a)(1).

25. CPS's omission of material information would deceive or mislead the least sophisticated consumer as to the character or amount of the debt.

26. Alternatively, Defendants misrepresented the amount of Plaintiff's alleged debt by failing to provide her with proper credit for her payments made.

## COUNT I
## VIOLATIONS OF 15 U.S.C. § 1692g(a)(1)
## DEFENDANT CPS

27. Plaintiff repeats and re-alleges each and every allegation above.

28. CPS violated 15 U.S.C. § 1692g(a)(1) by failing to meaningfully convey to Plaintiff the amount of the alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that CPS violated 15 U.S.C. § 1692g(a)(1);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
### VIOLATIONS OF 15 U.S.C. § 1692g(a)(1)
### DEFENDANT SPV

29. Plaintiff repeats and re-alleges each and every allegation above.

30. SPV, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of CPS, the debt collector retained to collect an alleged debt from Plaintiff on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that SPV violated 15 U.S.C. § 1692g(a)(1);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATIONS OF 15 U.S.C. § 1692e(2)(A)
## DEFENDANT CPS

31. Plaintiff repeats and re-alleges each and every allegation above.

32. CPS violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that CPS violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATIONS OF 15 U.S.C. § 1692e(2)(A)
## DEFENDANT SPV

33. Plaintiff repeats and re-alleges each and every allegation above.

34. SPV, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of CPS, the debt collector retained to collect an alleged debt from Plaintiff on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that SPV violated 15 U.S.C. § 1692e(2)(A);

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

   d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

   e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

   f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V
## VIOLATIONS OF 15 U.S.C. § 1692e(10)
## DEFENDANT CPS

35.   Plaintiff repeats and re-alleges each and every allegation above.

36.   CPS violated 15 U.S.C. § 1692e(10) by using a false, deceptive, or misleading representation or means in connection with the collection of an alleged debt, including, but not limited to: its material omission as to whether Plaintiff's alleged debt was subject to accrual of interest or other charges.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that CPS violated 15 U.S.C. § 1692e(10);

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

   d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

   e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

   f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI
## VIOLATIONS OF 15 U.S.C. § 1692e(10)
## DEFENDANT SPV

37. Plaintiff repeats and re-alleges each and every allegation above.

38. SPV, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of CPS, the debt collector retained to collect an alleged debt from Plaintiff on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that SPV violated 15 U.S.C. § 1692e(10);

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

   d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

   e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

   f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

39. Plaintiff is entitled to and hereby demands a trial by jury.


This 7th day of June, 2012.


ATTORNEYS FOR PLAINTIFF
*Tricia Spence*

Respectfully submitted,

_____
Dennis R. Kurz
NY Bar No. 4570453
***Weisberg & Meyers, LLC***
Attorneys for Plaintiff
300 International Drive, Suite 100
Williamsville
 Buffalo, NY 14221
(888) 595-9111 ext. 412
(866) 842-3303 (fax)
dkurz@attorneysforconsumers.com

***Weisberg & Meyers, LLC***
80 Broad Street, 5th Floor
New York, NY 10004

***Please send correspondence to the address below***

Dennis R. Kurz
NY Bar No. 4570453
***Weisberg & Meyers, LLC***
Attorneys for Plaintiff
5025 N. Central Ave. #602
Phoenix, AZ 85012

# EXHIBIT "A"

EXHIBIT "A"

05/20/2012 16:34   4063887501         LA QUINTA                         PAGE  02/05

PO Box 1017
Hawthorne, NY 10532

6,6 00001460 883245

# Cavalry
Portfolio Services, LLC

Phone: (800) 501-0909
www.cavalryportfolioservices.com

 JUNE 09, 2011

TRICIA E SPENCE
38 COTTONWOOD LN
BELGRADE, MT 59714-3805

RE:  Original Institution:    HSBC Bank Nevada, N.A.
                              Orchard Bank
     Original Account No.:                    7749
     Cavalry Reference No.:   14711465
     Balance Due:             $694.43

Dear TRICIA E SPENCE:

This letter serves as notice that the above-referenced account has been purchased by Cavalry SPV I, LLC and referred to Cavalry Portfolio Services, LLC for collection.

It is important that you:

> Contact us to arrange repayment terms (however, see your validation rights below).
> Forward all future payments to the above address in order to ensure proper credit and avoid delays in payment posting.

Unless you notify this office within (30) days after the receipt of this letter that you dispute the validity of the debt or any portion thereof, this office will assume the debt is valid.

If you notify this office in writing within (30) days after receipt of this letter that you dispute all or a portion of the debt, this office will obtain verification of the debt or a copy of a judgment and mail you a copy of such judgment or verification.

If you request, in writing, within thirty (30) days of receiving this notice, Cavalry will provide you with the name and address of the original creditor.

If you have any questions or would like to discuss payment solutions you may call me directly at (888) 683-6757.

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

Sincerely,

Eric Stewart

Cavalry Portfolio Services, LLC

"See Reverse Side for Important Information Concerning Your Rights"



## Notice of Important Rights

We are required by law to notify consumers of the following rights. This list does not include a complete list of rights consumers have under state and federal laws.

**In California:** The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov. As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

**IN COLORADO:** A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt. FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.COLORADOATTORNEYGENERAL.GOV/CA. Our in-state office address and telephone number is 80 Garden Center, Suite 3 Broomfield, CO 80020, (303) 920-4763.

**IN MASSACHUSETTS:** NOTICE OF IMPORTANT RIGHTS. YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE COLLECTOR. You may contact us by telephone at (866) 483-5139 between 9:00 am and 5:00 pm Eastern Time Monday-Friday or in writing at 500 Summit Lake Drive Suite 400 Valhalla, NY 10595-1340.

**IN MINNESOTA:** THIS COLLECTION AGENCY IS LICENSED BY THE MINNESOTA DEPARTMENT OF COMMERCE.

**In New York City:** This collection agency is licensed by the New York City Department of Consumer Affairs. The license numbers are 1143718, 1126502, 1126497, and 1126494.

**In Tennessee:** This collection agency is licensed by the Collection Service Board, State Department of Commerce and Insurance.

**In Utah:** As required by Utah law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

**In North Carolina:** This collection agency is licensed by the North Carolina Department of Insurance. The license numbers are 3824, 3910, 3911, and 3912. Its true name is Cavalry Portfolio Services, LLC. Its true addresses are: (a) 4050 Cotton Center Boulevard, Building 2, Suite 20, Phoenix, Arizona 85040; (b) 500 Summit Lake Drive Suite 400 Valhalla, NY 10595-1340; (c) 9522 E. 47th Place, Suite H, Tulsa, Oklahoma 74145; and (d) 408 St. Peter Street, St. Paul, Minnesota 55102.

### Privacy Notice

In accordance with federal regulations, Cavalry is giving you this notice to tell you how we may use non-public personal information about you and your account ("Private Information"). This notice applies whether you are a current or a former customer of Cavalry.

COLLECTION AND USE OF PRIVATE INFORMATION
We collect Private Information about you from the following sources:

- Information we receive from you either directly or indirectly, such as information on applications or other forms, which may include your name, address, social security number and income.
- Information about your transactions with us or others, such as your account balance and payment history.
- Information we receive from consumer reporting agencies, such as your credit history and credit worthiness.

DISCLOSURE OF PRIVATE INFORMATION
We only disclose information we collect to affiliated and non-affiliated third parties as permitted by the federal Fair Debt Collection Practices Act. We may disclose information we collect to:

- Credit bureaus
- The original creditor and entities that have had an ownership interest in your account
- Entities that provide mailing services on our behalf
- Entities that provide collection-related services on our behalf
- Others, such as third parties, when you direct us to share information about you
- Affiliated and non-affiliated parties if not prohibited by the federal Fair Debt Collection Practices Act or by other applicable laws

MAINTENANCE OF ACCURATE INFORMATION
We have established procedures to correct inaccurate information in a timely manner. If you have any reason to believe that our record of your Private Information is incorrect, contact us in writing at 500 Summit Lake Drive Suite 400 Valhalla, NY 10595-1340. We will investigate the situation and, when appropriate, update our records accordingly.

PROTECTION OF INFORMATION
We restrict access to Private Information about you to our employees who need this information to provide products and services to you. We maintain physical, electronic, and procedural safeguards that are consistent with federal standards to guard your Private Information.

For account questions, comments, or general customer service, you may contact us at 800-501-0909 Monday through Thursday from 8:00 am to 9:00 pm Eastern Time, Friday from 8:00 am to 8:00 pm Eastern Time and Saturday from 9:00 am to 2:00 pm Eastern Time, or you may write us at 500 Summit Lake Drive Suite 400 Valhalla, NY 10595-1340.

By sending your check, please be aware that you are authorizing Cavalry Portfolio Services, LLC to use information on your check to make a one-time electronic debit from your account at the financial institution indicated on your check.

00001460